No. 13-0427 – *John N. Kenney v. Samuel C. Liston*

**FILED**

July 18, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I wholeheartedly concur with the majority opinion's decision in this case. I write separately to express my belief that the majority opinion's new syllabus points are unnecessary because, in my opinion, the issue of the application of the collateral source rule to medical expense write-offs was long ago settled by this Court and is well-established law in West Virginia.

Almost forty years ago, in syllabus point 14 of *Long v. City of Weirton*, 158 W. Va. 741, 214 S.E.2d 832 (1975), *superseded by statute on other grounds as stated in Pritchard v. Arvon*, 186 W. Va. 445, 413 S.E.2d 100 (1991), Justice Charles Haden, for this Court, wrote that "[t]he award of special medical expenses in a personal injury case is predicated on proof of the *reasonable value of such expenses* necessarily incurred by reason of the defendant's negligence, *and not upon the actual expenses paid*."[1] [Emphasis added.] Again writing for this Court, Justice Haden applied this same principle to determination of future medical expenses in syllabus point 15 of *Jordan v. Bero*, 158 W. Va. 28, 210 S.E.2d 618 (1974), which holds:

---

[1] Justice Haden later became Chief Judge of the United States District Court for the Southern District of West Virginia.

To warrant a recovery for future medical expenses, the proper measure of damages is not simply the expenses or liability which shall or may be incurred in the future but it is, rather, the *reasonable value* of medical services as will probably be necessarily incurred by reason of the permanent effects of a party's injuries.

[Emphasis added.] This syllabus point from *Jordan v. Bero* was relied on more than twenty years later by Justice Franklin Cleckley in authoring this Court's opinion in *Reed v. Wimmer*, 195 W. Va. 199, 465 S.E.2d 199 (1995). These cases clearly establish that the measure of damages in a given case is the *reasonable value* of such damages; therefore, evidence of any amounts actually paid or payable are not admissible.

I believe that in the instant case, several if not all of the new syllabus points simply are not needed.[2] This Court already has a long jurisprudence which establishes that the tortfeasor is responsible for the reasonable *value* of the damages, not the amount actually charged or paid. Thus, the majority opinion is not groundbreaking and it is in no way a departure from this Court's prior caselaw. Therefore, because the majority opinion is consistent with the well-settled precedent of this Court, I concur.

---

[2] The majority opinion has several new syllabus points which explain or define the collateral source rule. I favor the simple explanation that for purposes of the collateral source rule, any benefits, including insurance proceeds, received by a plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable.